# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DAVID A. PETERSON,**

     **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**Case No. 8:17-cv-1642-T-AAS**

**NANCY A. BERRYHILL, Deputy**
**Commissioner of Operations,**
**Social Security Administration,**

     **Defendant.**
_____/

## ORDER

David Peterson moves for an award of attorney's fees, costs, and expenses, which the Commissioner does not oppose. (Doc. 24).

Mr. Peterson requests $7,129.40 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. The EAJA permits awards for reasonable attorney's fees, costs, and expenses to a prevailing party against the United States. 28 U.S.C. § 2412. Mr. Peterson's attorney's fees consist of the following:

- $728.12 in fees for work attorney Marjorie Schmoyer performed in 2017, calculated at an hourly rate of $196.79 for 3.7 hours. (Doc. 24, p. 2).

- $120.47 in fees for work attorney Marjorie Schmoyer performed in 2018, calculated at an hourly rate of $200.78 for .6 hours. (*Id.*).

- $3,148.64 in fees for work attorney Sarah H. Bohr performed in 2017, calculated at an hourly rate of $196.79 for 16 hours. (*Id.*).

- $3,132.17 in fees for work attorney Sarah H. Bohr performed in 2018, calculated at an hourly rate of $200.78 for 15.6 hours. (*Id.*).

The August 10th order reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 22). The Clerk entered judgment in Mr. Peterson's favor shortly after. (Doc. 23). Mr. Peterson now requests an award of attorney's fees, costs, and expenses under the EAJA because he was the prevailing party. (Doc. 24).[1]

The Commissioner does not contest that Mr. Peterson is the prevailing party; Mr. Peterson's net worth was less than $2 million when he filed his complaint; the Commissioner's position was substantially justified; no special circumstances make an attorney's fees award unjust; or Mr. Peterson's attorneys fees request is unreasonable. A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Therefore, Mr. Peterson is entitled to $7,129.40 in attorney's fees.

Mr. Peterson also requests $400 for costs incurred due to the filing fee. (Doc. 24, p. 2). Under Section 2412(a)(2) of the EAJA, the prevailing party in an action against the United States may recover costs, including the filing fee prescribed under 28 U.S.C. Section 1914, which requires any party instituting a civil action to pay a

---

[1] The United States and its agencies and employees have sixty days to appeal a judgment. Fed. R. App. P. 4(a)(1)(b); 26(a)(1). The sixty-day appeal period for Mr. Peterson's judgment expired October 15, 2018, at which point judgment became final. A party moving for attorney's fees, costs, expenses under the EAJA must do so within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B); Fed. R. Civ. P. 6(a)(1). Mr. Peterson's deadline for moving for attorney's fees, costs, expenses under the EAJA fees is November 15, 2018. Therefore, the court has jurisdiction to award Mr. Peterson's requested fees, costs, and expenses.

$350 filing fee. In this district, the party instituting a civil action must also pay a $50 administrative fee. U.S. Dist. Court Middle Dist. of Fla., *Forms, Policies & Publications*, uscourts.gov, http://www.flmd.uscourts.gov/forms/forms_policies.htm (select "Fee Schedule"). Therefore, Mr. Peterson is entitled to recover $400 in costs.

Last, Mr. Peterson requests $40 for expenses incurred due to serving the United States Attorney. (Doc. 24, pp. 1, 9). The Commissioner does not oppose Mr. Peterson's request for $40 in expenses. (Doc. 24, pp. 2–3). A court should award expenses incurred due to serving the Commissioner if that expense is unopposed. *See Duffield v. Colvin*, No. 3:15-CV-1065-J-MCR, 2016 WL 6037306, at *4 (M.D. Fla. Oct. 14, 2016) (awarding unopposed expenses). Therefore, Mr. Peterson is entitled to recover $40 in expenses.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Mr. Peterson owes a debt to the United States. Mr. Peterson also assigned his rights to EAJA fees to his attorneys. (Doc. 24, p. 10). So, if Mr. Peterson has no federal debt, the United States will accept Mr. Peterson's assignment of EAJA fees and pay the fees directly to his counsel.

The Commissioner does not oppose Mr. Peterson's request for attorney's fees or expenses. And Mr. Peterson is entitled to recover $400 in costs. The following is therefore **ORDERED:**

1. Mr. Peterson's motion for attorney's fees, costs, and expenses under the EAJA, (Doc. 24) is **GRANTED.**

2. Ms. Diaz is awarded **$7,129.40** in attorney's fees under the EAJA.

3. Ms. Diaz is awarded **$400.00** in costs under the EAJA.

4. Ms. Diaz is awarded **$40.00** in expenses under the EAJA.

**ENTERED** in Tampa, Florida, on November 8, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge